UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

JASON BOWMAN
and MICHAELA ARDEN BOWMAN,
Debtors.
_____/

Case No. 15-31243-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION DENYING UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

Introduction

Jason and Michaela Arden Bowman filed a Chapter 7 petition with this Court on May 14, 2015. They listed total unsecured debt of $247,562, of which $217,725 constitutes student loans for the couple. At filing, they reported they paid $1,500 per month on these loans. The United States Trustee (the "UST") filed a Motion to Dismiss Case Under 11 U.S.C. § 707(b)(3). The Debtors responded, the Court held a hearing, and then opened discovery and allowed the filing of supplemental pleadings. After these pleadings were filed, the Court noted a significant change of the Debtors' circumstances - the birth of the Debtors' first child - so the Court held a status conference on March 9, 2016, to see if the issue was ripe for a decision. The parties informed the Court that the pleadings and record are complete and that the UST's motion could be decided without additional proofs or arguments. Accordingly, the Court issues its Opinion based on that record.

Findings of Fact

Jason Bowman is a computer technician for the Shiawassee Regional Service District and earns $39,000 per year. Michaela Arden Bowman is a pre-school teacher at First Congregational

1

Church and, with other sources, earns approximately $19,000 per year. Both have student loans totaling over $217,000. Per Schedule J, they pay their student loan creditors $1,500 per month and Art Van Furniture $96 per month, leaving net monthly income of $9.34. The UST filed its motion, correctly pointing out that if the Debtors converted their case to Chapter 13, the $1,500 per month could be applied to pay all the unsecured creditors, resulting in a 12% dividend to all unsecured creditors, but leaving a significant student loan balance that is excepted from discharge. The UST also noted certain expenses such as retirement and car expenses may be inappropriate.

As developed in the post-hearing briefs, with attached affidavits, the Debtors have a significant change in their circumstances. Ms. Bowman was pregnant and delivered the couple's first child early this year. As a result, the Debtors now have significant additional expenses all attributed to their child: food, clothing, diapers, and childcare.

The Debtors estimate the additional cost of food, clothing, and associated items will be $200 per month. Childcare costs will be $700 per month. While the childcare costs could be avoided if Ms. Bowman did not go back to work, economically her return to work would be a benefit. The Court finds the Debtors' statements regarding the additional child costs as credible, and perhaps are estimated low.

Also, the Debtors explain that their car costs may lower now because the debt secured by their 2002 Grand Am is now paid. Although accurate, it is likely that this vehicle will need to be replaced in the next five years. Given the Debtors' financial condition, a new vehicle will need to be acquired with borrowed money or leased, all of which reduces their net monthly income.

Per the Debtors, the means test does not show a presumption of abuse, but the UST does not argue that this case should be dismissed because of the presumption of abuse. Instead, the UST

2

argues the totality of circumstances demonstrates abuse. The UST focuses on the Debtors' budget and readjusts a claimed monthly deficit of $504.84 by adding on $250 for the 2002 Grand Am debt and $1,596 for payment of student loan debt and Art Van obligation. After these adjustments, the Debtors have $1,145 available per month, with another $65 available if Mr. Bowman does not make a voluntary retirement contribution. This leaves $1,210 as projected monthly disposable income to pay to a Chapter 13 Trustee, resulting in an estimated 12% dividend to unsecured creditors. In contrast, as detailed previously, the Debtors estimate they will have at least $900 in additional monthly expenses for their new child.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Statutes and Authorities

<u>11 U.S.C. § 707(b)(1) and (3) state</u>:

> (1) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).
>
> . . .
>
> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph does not arise or is rebutted, the court shall consider–

> . . .
>> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

Section 707(b) provides that there shall be a presumption in favor of granting the relief requested by the debtor. Further, it is not the court's role to determine the debtor's budget or to pass personal judgment on the debtor's spending habits. To determine whether to dismiss a case under Section 707(b), the court must look to the totality of the circumstances. *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989). Substantial abuse can be shown either 1) where the debtor has acted dishonestly, or 2) where the debtor is not needy, i.e. his financial situation does not warrant a discharge in exchange for the liquidation of his assets. *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429 (6th Cir. 2004).

In determining whether a debtor is needy, the court should decide whether the debtor could pay his debts out of future earnings, i.e., whether the debtor could fund a hypothetical Chapter 13 plan. This factor alone may compel a dismissal of the case. *Id*. Other factors which may show neediness or a lack thereof include:

1) whether the debtor enjoys a stable source of income;

2) whether he is eligible for adjustment of his debts through Chapter 13;

3) whether there are state remedies with the potential to ease his financial problems;

4) the degree of relief obtainable through private negotiations; and

5) whether his expenses can be reduced significantly without depriving him of adequate food, clothing, shelter, and other necessities.

*Krohn,* 866 F.2d at 126-27. A debtor is not "needy" if he can trim an exorbitant budget to fund a Chapter 13 plan. For example, in *Krohn*, the Sixth Circuit affirmed the bankruptcy court's dismissal

4

a debtor's case for substantial abuse, finding that the debtor consistently lived on credit and beyond his means. The court found that the Section 707(b) statutory preference in favor of granting relief was inappropriate under the totality of the circumstances of that case. Krohn's income was $4,015 per month and his expenses were $3,950. Even after filing his Chapter 7 petition, the debtor continued to spend excessively; his post petition expenses for a three month period included $1,065 for dining out, lunch and recreation (in excess of the $355 he was spending on groceries), $169 for cosmetics, and $66 for cigars. He had ample future income and his financial situation was not the result of any unforeseen event or catastrophe. Based on these facts, the Sixth Circuit affirmed the bankruptcy court's dismissal of the case for substantial abuse under Section 707(b). *Id*. at 127-28.

Further, in determining a debtor's neediness under Section 707(b), courts consider the debtor's disposable income. Disposable income is that received by the debtor that is not reasonably necessary for the support of the debtor, his dependents, or his business. 11 U.S.C. § 1325(b)(2). Voluntary contributions a debtor makes to his 401k plan do not constitute funds necessary for support and therefore must be included in disposable income for the purpose of deciding the issue of substantial abuse. *Behlke*, 358 F.3d at 436.

<u>Analysis</u>

This case changed dramatically with the birth of the Debtors' child. While the UST's motion was well-founded when it was filed, a review of the totality of today's circumstances cause the Court to deny the motion.

First, at best the Debtors have $1,200 in possible projected monthly disposable income to pay to a Chapter 13 trustee. Of that amount, the Court finds that at least $900 is needed to care for the Debtors' newborn, and, in all likelihood, more than $900 monthly. While the $700 per month in childcare expenses could be reduced if Ms. Bowman did not return to work, her $1,400 per month

5

income is lost.

Second, while the Debtors currently do not have a second car payment, their 2002 Grand Am will not last forever and will either need to be repaired or replaced. Even with a modest estimation of $200 per month to lease or purchase a replacement vehicle, very few dollars are left to fund a Chapter 13 plan.

The Court does note that the monthly voluntary retirement contribution by Mr. Bowman should be included in the calculation of net monthly income, which therefore adds some additional funds to fund a Chapter 13 plan. This amount, $65 per month, is not enough for the Court to find that the Debtors could viably fund a Chapter 13 plan. After close examination, few expenses can be cut, additional expenses for the newborn child are created, and the Debtors' income, while stable, is not sufficient to find that abuse exists in this case.

With these unique facts, the Court does not see a demonstration of abuse as required by 11 U.S.C. § 707(b)(3)(B). Accordingly, the Court denies the United States Trustee's Motion to Dismiss Case Under 11 U.S.C. § 707(b)(3). The Court will enter an order consistent with this Opinion.

**Signed on March 21, 2016**

                                           **/s/ Daniel S. Opperman**
                                           **Daniel S. Opperman**
                                           **United States Bankruptcy Judge**